FILED

2010 OCT 5 PM 12 48

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | No. CR-07-112-GF-SEH |
| --- | --- |
| Plaintiff/Respondent, | CV-10-43-GF-SEH |
| vs. | ORDER |
| GARY ALLEN FALCON, | |
| Defendant/Movant. | |

On July 2, 2010, Defendant/Movant Gary Falcon ("Falcon") moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Falcon also filed a brief in support and statements from several persons he claims should have been called as character witnesses on his behalf. Falcon is a federal prisoner proceeding pro se.

I. **Preliminary Screening**

The Court must conduct a preliminary review of the motion to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(b),

Rules Governing Section 2255 Proceedings for the United States District Courts. It has done so.

## II. Background

On October 3, 2007, a grand jury indicted Falcon on one count of aggravated sexual abuse, a violation of 18 U.S.C. § 2241(a), (c) (Count 1), and one count of incest, a violation of Mont. Code Ann. § 45-5-507(1) (Count 2). Jurisdiction existed under 18 U.S.C. § 1153. Indictment (doc. 1) at 1-2. The offenses occurred between July 28, 2006, and July 18, 2007. Count 1 subjected Falcon to a thirty-year mandatory minimum prison sentence. 18 U.S.C. § 2241(c). Assistant Federal Defender Henry J. Branom was appointed to represent Falcon. Order (doc. 5).

Trial commenced on December 11, 2007. The victim, M.M.F., who was fifteen years old at the time of trial, testified that Falcon had touched her in a sexual manner at least forty or fifty times over a two-year period and, once, digitally penetrated her. The incidents occurred while her mother was away from the family ranch by People's Creek on the Fort Belknap Reservation. M.M.F. also testified that Falcon threatened to shoot her and her mother, Leta, if she told anyone and that he punched her on one occasion. On July 17, 2007, she told her mother what had been happening. They left the ranch the next day, and Falcon

2

was arrested. Trial Tr. (doc. 50) at 37:16-46:4.

M.M.F.'s mother corroborated her absences from the ranch, the date on which M.M.F. reported the abuse, and various comments made by Falcon to and about M.M.F. Trial Tr. at 55:6-59:24. Two FBI agents, Edwards and Smiedala, testified that Falcon initially denied touching M.M.F. but later admitted it to them. The jury also heard a recorded statement by Falcon in which he confessed to touching M.M.F. sexually on at least ten occasions and twice digitally penetrating her. Trial Tr. at 69:11-70:20, 77:22-80:19.

Falcon testified that he did not touch M.M.F. He explained that he confessed because Agent Smiedala told him he would never see his wife or ranch again and would be abused and possibly killed in prison if he was convicted of rape, but, if he had only touched M.M.F., "it wouldn't be as bad as if I had actually had sexual intercourse with her." Trial Tr. at 108:21-110:18. He also said that M.M.F. had previously told him, "[m]any times[,] [m]any times," that "she could get [him] in big trouble." Trial Tr. at 105:16-22. Through counsel's questioning of M.M.F. and Leta, he also suggested that M.M.F. made false allegations because she was unhappy living on the ranch. Trial Tr. at 47:11-16, 60:9-61:4.

On December 12, 2007, the jury deliberated for one hour before returning a verdict of guilty on both counts. Minutes (docs. 27, 29); Trial Tr. at 166:6-12,

167:16-21; Verdict (doc. 34).

On April 3, 2008, Falcon was sentenced to serve 360 months on Count 1 and a concurrent term of 327 months on Count 2, to be followed by a five-year term of supervised release. Minutes (doc. 43); Judgment (doc. 46) at 2-3.

Falcon appealed. On June 30, 2009, the Ninth Circuit Court of Appeals affirmed. United States v. Falcon, No. 08-30146 (9th Cir. June 30, 2009) (doc. 63). The § 2255 motion was timely filed on July 2, 2010. 28 U.S.C. § 2255; Clay v. United States, 537 U.S. 522, 532 (2003).

### III. Falcon's Allegations

Falcon alleges ineffective assistance of counsel. He asserts that counsel failed to call several character witnesses to present a "credible" defense, Mot. § 2255 (doc. 65) at 4 ¶ 12A; Br. in Supp. (doc. 65-1) at 6-7, failed to present expert testimony showing how the conditions of his confinement affected the accuracy and voluntariness of his confession, failed to provide him with discovery, and did not object enough. Br. in Supp. at 10-11. He also alleges that counsel's failure to communicate adequately with him before trial prevented exposing lies by M.M.F. and Leta, demonstrating that Leta moved another man into the house shortly after his arrest, and showing that other men had been "the victim of the same tactics" that M.M.F. and Leta employed against him. Id. at 10-11.

4

Falcon likewise alleges that the trial court lacked jurisdiction because the Indictment did not identify the victim as "an Indian or other person," Mot. § 2255 at 4 ¶ 12B, and because the crime did not occur on the reservation of the tribe of which he is a member, Br. in Supp. at 9 ¶¶ A, C. He also claims that his subjection to federal jurisdiction under 18 U.S.C. § 1153 violates the Equal Protection Clause because it is based on his race. Mot. § 2255 at 4-5 ¶ 12C; Br. in Supp. at 9 ¶ B.

Falcon finally contends that his confession was coerced. Br. in Supp. at 10.

## IV. Analysis

### A. Ineffective Assistance of Counsel

Strickland v. Washington, 466 U.S. 668 (1984), sets the standards for claims alleging ineffective assistance of counsel. Falcon must first show that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. He must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

5

### 1. Character Witnesses

Falcon submits statements from thirteen people who state they know him and do not believe him to be capable of committing sexual offenses or hurting a child. Character evidence, however, has slight weight against Falcon's own words on audiotape, played for the jury, in which he admitted he touched M.M.F. in a sexually inappropriate manner at least ten times, including at least twice inserting his finger in her vagina. Trial Tr. at 69:8-17, 77:22-78:7.[1] There is no reasonable probability that the verdict would have been different if all of Falcon's proposed character witnesses had testified at trial. The second prong of the Strickland test is not met.

In addition, the introduction of character evidence would have opened the door for the prosecutor to tell the jury of Falcon's convictions for violation of a protective order and partner or family member assault. Presentence Report ¶¶ 27-28. It was not unreasonable for counsel to decline to open that door. See Trial Tr. at 90:9-99:20 (declining to elicit character evidence from three defense witnesses, including one of Falcon's current affiants). The first prong of Strickland also is

---

[1] The audiotape was not transcribed by the court reporter. The transcript citations refer to Agent Edwards's and Agent Smiedala's reports of Falcon's statements before the recording was made. The recording played in open court was consistent with their reports.

6

not met. This claim is denied.

### 2. Expert Testimony re: Confession

As a matter of common sense, the jury could understand that someone who is tired, hungry, scared, threatened, and feels he has no option might make a false confession. With two unimportant exceptions,[2] the jury heard all the pertinent facts of which Falcon now complains, Br. in Supp. at 10 ¶ 1, and more, regarding Agent Smiedala's allegedly coercive comments to him, Trial. Tr. at 108:6-110:11. It simply did not believe Falcon's version of events. There is no reason to believe that expert testimony, if admissible and admitted, would have persuaded the jury to accept Falcon's claim that he confessed falsely. Neither prong of the Strickland test is met. This claim is denied.

### 3. Discovery

Falcon does not identify any information that counsel failed to share with

---

[2] The jury knew Falcon was in jail, Trial Tr. at 81:25-82:4, though not the length of time he had spent there, Br. in Supp. at 10. However, the mere fact he spent 18 days in jail does not make Falcon's statement more or less voluntary. The jury did not know whether Falcon requested the assistance of a "lay advocate," id. at 10; 58 Fed. Reg. 54406-1 (listing 25 C.F.R. § 11.205) (Oct. 21, 1993), but that fact is also irrelevant. The lay advocate provision applies in "CFR Courts," which "administer justice where Indian tribes retain exclusive jurisdiction over Indians but where tribal courts have not been established to exercise that jurisdiction." 73 Fed. Reg. 39857 (July 11, 2008). The Code of Federal Regulations does not set standards for the admissibility of evidence in the United States District Courts.

him or provide any information that could have resulted in a different outcome at trial. Neither Strickland prong is met. This claim is denied.

### 4. Objections

Falcon does not identify any available objection counsel failed to make, much less identify any prejudice. This claim is denied.

### 5. Failure to Communicate

Falcon identifies four matters he would have exposed at trial if he had "been kept apprised of the developments and defense of his case." Br. in Supp. at 11.

First, he says, M.M.F. "lied under oath," and he "might have been able to help counter these lies and to suggest the possibility of rebuttals" if counsel had kept him better advised "regarding his own defense." Br. in Supp. at 10-11. But that is all he says. He does not identify any particular lie told by M.M.F., nor does he explain what he "might have" done to "counter" it. Other than Falcon's own claim that she lied, which he articulated at trial, there is no reason to believe she did or that there was anything counsel could have done to prove it.

Second, Falcon says that Leta lied, claiming to not be an employee of the Fort Belknap Police Department when indeed she was. Br. in Supp. at 11. Leta testified that she attended a police academy, later suffered physical problems, and did not go to work for law enforcement, Trial Tr. (doc. 50) at 59:16-23, though she

8

worked as a detention officer, id. at 60:6-8. There is no lie here.

Third, Falcon states that "shortly after he was arrested M.M.F.'s mother had a man move into her home in replacement of Defendant Falcon, thereby demonstrating that this whole case was a 'set up' from the very beginning." Br. in Supp. at 11. Even if a man did move into the home, that fact fails to demonstrate Falcon did not sexually assault M.M.F. over the course of the previous year.

Finally, Falcon says that he "would have tried to show that other men from the Fort Belknap Reservation – in particular Officer Robert Walker Jr. of the Fort Belknap Police Department – have been the victim of the same tactics employed by M.M.F. and her mother." Br. in Supp. at 11. Falcon does not explain what "tactics" he means, what (if anything) M.M.F. did to Walker, or why anything Leta may have done is relevant to whether Falcon sexually abused M.M.F. As a result, Falcon fails to show that he was prejudiced in any way.

One of Falcon's proposed character witnesses, Mark Turner, also states that "Leta has a history of filing criminal charges/injury liability-workman's comp suits against employers and individuals around her. In Forsyth and Fort Belknap, she filed suits against a local meat processor and the Ft. Belknap BIA law enforcement group, respectively." Statements (doc. 65-2) at 17. Turner does not say why Leta's unrelated charges are relevant to whether Falcon sexually abused

M.M.F. Even read together with Falcon's brief, there is no reason to believe that the verdict might have been different if Falcon had discussed with counsel what he knew about Walker and M.M.F.'s and Leta's "tactics."

All of the allegations are speculative. Falcon fails to show prejudice under the second prong of the Strickland test. This claim is denied.

### B.   Jurisdiction

Falcon intends to brief his claims regarding jurisdiction "more fully at a later time," Br. in Supp. at 10, but the claims are patently frivolous. There is no cause for further briefing.

#### 1.   Victim

Every person is either an "Indian or other person." 18 U.S.C. § 1153(a). There was nothing for the United States to prove about M.M.F.'s status. This claim is denied.

#### 2.   Location of the Crime

Falcon's argument is not comprehensible. The offense occurred on the Fort Belknap Reservation, Trial Tr. (doc. 50) at 66:7-10, which is both "within the Indian country," 18 U.S.C. §§ 1153(a), 1151(a), and "within the special . . . territorial jurisdiction of the United States," 18 U.S.C. §§ 2241(a), (c), 7(3). This claim is denied.

### 3. Membership in Another Tribe

Falcon was proven to be an "Indian." 18 U.S.C. § 1153(a); Trial Tr. at 67:2-23. This claim is denied.

### 4. Racial Classification

The United States Supreme Court has repeatedly held that a person's classification as an Indian is not a racial classification, but a political one, based on the quasi-sovereign status of Native American tribes. United States v. Antelope, 430 U.S. 641, 647 (1977); Fisher v. District Court, 424 U.S. 382, 390 (1976); Morton v. Mancari, 417 U.S. 535, 552 (1974). This claim is denied.

### C. Voluntariness of the Confession

The Court previously found that "this defendant was acting freely and voluntarily and without undue, or for that matter, any significant pressure from the investigating officers." Suppression Hr'g Tr. (doc. 48) at 31:22-24. That is the law of the case. Falcon presents no reason to depart from it. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). This claim is denied. There is no need to consider whether Falcon can show cause and prejudice to excuse his failure to raise this claim on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

11

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Falcon "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Any doubt as to whether the applicant meets the standard is resolved in his favor. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

None of Falcon's claims have any substance. He insists that he told the truth and M.M.F. and her mother lied, but the jury decided otherwise. He offers nothing new and identifies nothing that counsel failed to do that could have tipped the credibility contest in his favor. Falcon cannot show prejudice under the second prong of the Strickland test. His jurisdictional claims are contradicted by well-established law. His claim that his confession was coerced simply gainsays the Court's previous finding that it was voluntary. There are no open questions. Falcon points to no relevant evidence suggesting that a new jury might see his case differently. A certificate of appealability is not warranted.

12

ORDERED:

1. Falcon's motion to vacate, set aside, or correct sentence (doc. 65) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Falcon files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV-10-43-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Falcon.

DATED this 5th day of October, 2010.

SAM E. HADDON
United States District Judge